UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20 CR 501 AGF ) |
| WILLIAM A. WHITE, | ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant WILLIAM A. WHITE, represented by defense counsel Joel J. Schwartz, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I and II of the Superseding Information, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's Distribution and Receipt of Child Pornography between January 13, 2010, and April 6, 2010 or defendant's Transfer of Obscene Material to a Minor on or between April 6, 2020 and June 10, 2020, of which the Government is aware at this time.

1

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government further agrees to request at sentencing a total sentence of no more than ninety-six (96) months imprisonment. The defendant further agrees to request at sentencing a total sentence of no less than seventy-two (72) months. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document nor the sentencing requests of the Government or the defendant.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigations, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: a Samsung Galaxy S8 model SM-G950U cellular telephone in a black case, an Apple iPad model A2197, serial no. F6MCGFR7MF3M in a black case, an Hewlett-Packard tower computer, serial no. P1503A, an HP Pavilion computer model XL754, a Maxtor 40 GB IDE hard drive model 4D040H2, a Maxtor 1.6 GB IDE hard drive model 71626AP, an E-machine tower computer, serial no. 1XRC6A80007007, a Creative tower computer, a Blackberry cellular telephone, an LG cellular telephone, an Apple iPad, a Galaxy S8 cellular telephone, thumb drives, CDs, DVDs, floppy disks and hard drives. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**3.     ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Receipt of Child Pornography which he admits to knowingly

committing and for which he admits there is a factual basis are: (1) defendant knowingly received and distributed (2) using any means or facility of interstate or foreign commerce, including by computer or internet, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 1470, and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Attempted Transfer of Obscene material to a Minor which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly transferred (2) using any means or facility of interstate or foreign commerce, including by computer or internet (3) obscene material, (4) which was material that the average person, applying contemporary community standards, would find is erotic, appeals to a degrading, unhealthy or morbid interest in sex or that describes ultimate sexual acts, excretory functions, masturbation and that lacks serious literary, artistic, political or scientific value, (5) to an individual (6) who the defendant believed had not attained the age of sixteen (16) years.

**4.     FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

During the course of a 2010 law enforcement investigation into individuals utilizing peer-to-peer internet programs to exchange child pornography, law enforcement discovered that the defendant was distributing over the internet child pornography files entitled "Dad gets a handjob

from his daughter and her friend – preteen kiddy kiddie incest rape porno porn sex (8secs) (1), a video depicting two minor females engaged in oral sex with an adult male; "11 year old kids having sex," a video depicting a nude minor male and a nude minor female engaged in vaginal intercourse; and "pthc – open – euro family young sex education very young girl and boy," a compilation video depicting multiple recordings of minor males and minor females engaged in oral and vaginal sex with adults and minors. A search warrant was obtained for the defendant's residence and was executed on April 6, 2010; his Hewlett-Packard Pavilion computer was seized during the search warrant. Forensic analysis of the Hewlett-Packard Pavilion computer by law enforcement revealed that the defendant had downloaded form the internet and possessed 133 images and 20 movies depicting children under the age of twelve years and other minors engaged in sexual activity including the penetration of their genitals and/or a lascivious display of their genitals between 2009 and 2010. The child pornography downloaded and possessed by the defendant included but was not limited to: an image entitled "files\039.jpg" depicting a female minor who appears to be under the of twelve years with her hand on her vagina in an act of masturbation and in a lascivious display of her genitals; an image entitled "files\1120[1].jpg" depicting a female minor who appears to be under the age of ten years with her mouth on a penis; and an image entitled "files\185928[1].jpg" depicting a female minor who appears to be under the age of ten years with her hand on a penis. On April 6, 2010, during a voluntary interview with law enforcement, the defendant admitted to the police that he searched for, downloaded and viewed child pornography.

During the course of a 2020 law enforcement investigation into individuals utilizing internet-based social media and personal ads to solicit sex with minors and to exchange child pornography, law enforcement placed a fictitious personal ad on a website called

"Craigslist.com," with the heading "Fam Fun Single mom need I describe more. Hit me up new to stl." On April 6, 2020, the defendant sent an email to the undercover officer's fictitious adult persona in which he stated that "…if it has anything to do with inc'est I'm very interested…." The defendant further disclosed that he had engaged in sexual conduct with his younger sister and that he fantasizes about it now. When asked about any age limit he would have for engaging in sexual activity with a minor, the defendant stated "[probably] as young as 5 or 6 depending on the person… I fantasize a lot about making love to a nine year old girl…." In his internet-based communications with the undercover officer, the defendant made the following statements indicative of his interest in sexual contact with a minor: "…I mostly like those small hairless pussies…," "I would love to pleasure an 8 year old to orgasm…," "I used to watch the little girls doing splits on YouTube but they cracked down on it…I love little girl cameltoe…." During their communications, the undercover officer also created a second fictitious persona of a 14-year old minor who was the daughter of the original fictitious adult persona. The defendant communicated directly with who he believed to be the 14-year old minor between April 7, 2020 and June 9, 2020. In these communications, the defendant stated to the individual he believed to be 14-years of age that "I love eating pussy more than anything.. I'm also a voyeur…Love little girl panties.." The defendant also stated to the 14-year old persona, "[w]hen I was 13..I ate my little Sister's pussy… She was 8.. but I didn't know what I was doing…" The defendant further told the 14-year old persona, "…I can eat pussy for hours." In other internet-based communications, the defendant tells the 14-year old persona that he is watching pornography and describes to her that he is watching "black teens squirting," "teens in panties," and "creampie eating." The defendant further tells the 14-year old perosna that "I'd like to suck cum from your pussy," and instructs her that "grool is the precum that makes your pussy wet.. look up grool

5

eating videos.. the white stuff that gets all over his cock when he is fucking you nice and deep…" Later in their communications, the defendant tells the 14-year old persona that "I was looking at some young wet pussy on the internet.. thinking about how sweet it must taste.." and further explains that he watches "[s]ometimes very young..like under 5.. but mostly 8 & up…" The defendant requested that the individual he believed to be 14 years of age send him nude photos and told her that he could not wait to have oral sex with her. The defendant communicated with both the adult and juvenile undercover personas to arrange to meet up with them for the purpose of engaging in sexual conduct with both the adult and the juvenile. On June 10, 2020, the defendant arrived at the designated place for the arranged meeting in St. Louis County at which time he was arrested. Immediately prior to being arrested, the undercover officer, who was still acting in her undercover persona, told the defendant that her 14-year old daughter does not do anal. The defendant responded that whatever the juvenile states she will not do, he will respect. The defendant was found to have brought a condom to the meeting. At the time of his arrest the defendant gave a voluntary interview to law enforcement during which he stated that he watches the previews from child pornography websites and does not download the child pornography due to fears stemming from his 2010 arrest. He further explained that he would masturbate to minors aged 10 to 12 years. The defendant admitted that it was "more than likely" that he would have engaged in sexual conduct with the 14-year old minor had she been a real person. The defendant explained in his police interview that he has "taboo lust" and that his sexual interest in minors is the "beast" that he wrestles with.

Outside of his actions that led to law enforcement investigations the defendant also, as a juvenile, sexually abused his younger sister by performing oral sex on her when she was 8 years of age and he was 13 years of age. Additionally, the defendant sexually abused his infant

daughter by touching her vaginal area with his hand on one occasion for sexual gratification purposes.

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

5. **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Distribution and Receipt of Child Pornography to which the defendant is pleading guilty is imprisonment of not less than five years and not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years. **The defendant fully understands that the crime to which a guilty plea is being entered, Receipt of Child Pornography, requires a mandatory minimum term of imprisonment of at least five years.**

As to Count II, the defendant fully understands that the maximum penalty provided by law for the crime of Transfer of Obscene Material to a Minor to which the defendant is pleading guilty is imprisonment of not more than ten years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than three years.

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The Defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

a. **Count 1: <u>Chapter 2 Offense Conduct:</u>**

**(1)** <u>**Base Offense Level:**</u> The parties agree that the base offense level is twenty-two (22) found in Section 2G2.2(a)(2).

**(2)** <u>**Specific Offense Characteristics:**</u> The parties agree that the following Specific Offense Characteristics apply:

    (a)    Two (2) levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

    (b)    Two (2) levels should be added pursuant to §2G2.2(b)(3)(F), because the defendant "knowingly engaged in distribution;"

    (c)    Four (4) levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence;" and

    (d)    Two (2) levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material;" and

    (e)    Five (5) levels should be added pursuant to §2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

b.  **Count 1: Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Other Adjustments:** The parties agree that the following additional adjustments apply: none.

c.  **Count 1: Estimated Total Offense Level:** The parties estimate that the Total Offense Level is thirty-four (34).

d.  **Count 2: Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** The parties agree that the base offense level is ten (10) found in Section 2G3.1(a).

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

    (a) Seven (7) levels should be added pursuant to §2G3.1(b)(1)(E), because the "offense involved distribution to a minor that was

      intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct;"

  (b) Two (2) levels should be added pursuant to §2G3.1(b)(3), because "the offense involved the use of a computer or an interactive computer service."

e. **Count 2: <u>Chapter 3 Adjustments:</u>**

**(1) <u>Acceptance of Responsibility:</u>** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2)** **Count 2: <u>Other Adjustments:</u>** The parties agree that the following additional adjustments apply: none.

f. **Count 2: <u>Estimated Total Offense Level:</u>** The parties estimate that the Total Offense Level is sixteen (16).

g. **<u>Criminal History:</u>** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the

applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    e.    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    a.    **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

        (1)    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

        (2)    **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the defendant

to a term of imprisonment within that range or to a term of imprisonment of at least seventy-two months.

    **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

    **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include

that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

**d.**     **Special Assessments:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid

by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    e.    **Possibility of Detention:**  The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    f.    **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259.  The amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss.

    g.    **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigations, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant

beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following

conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

3/15/21
Date

*Jillian S. Anderson*
JILLIAN S. ANDERSON
Assistant United States Attorney

3-15-2021
Date

*William A. White*
WILLIAM A. WHITE
Defendant

3/15/21
Date

JOEL J. SCHWARTZ
Attorney for Defendant